UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM WILSON,

    Petitioner,

v.      CAUSE NO. 3:22-CV-709-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Malcom Wilson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-22-4-160) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 212. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Wilson argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he battered another inmate.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is

not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which an investigator represented that, as he reviewed the surveillance video recording, he saw Mr. Wilson attempt to take something from another inmate and that Mr. Wilson pushed the inmate to the ground. ECF 2-1 at 4. According to the investigator, the inmate received treatment for his injuries at an outside hospital. *Id.* The administrative record also includes a video recording summary indicating that Mr. Wilson approached another inmate and engaged in a struggle to grab a cane away from the inmate and that that inmate fell to the ground and doubled over in pain. ECF 2-1 at 5. It also includes Mr. Wilson's statement at the hearing that, "[he] was defending [his] life. {He] was about to be stabbed. [He] grabbed the cane to defend [his] life." ECF 2-1 at 3. The conduct report, the video recording, and Mr. Wilson's statement constitute some evidence that Mr. Wilson committed battery.

Mr. Wilson notes that the Indiana Criminal Code defines battery as a knowing or intentional "touching" of another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(c)(1). In referencing this definition, he may be trying to argue that, because the video recording summary did not expressly state that Mr. Wilson directly touched the other inmate's body, the record lacks evidence to support the finding of guilt. Even assuming that the statutory definition of battery applies to Offense 212, this argument

discounts the conduct report, which indicates that Mr. Wilson "pushed" the other inmate. Further, under Indiana law, "while battery requires a defendant to have intended to touch another person, he need not personally touch another person since battery may be committed by the unlawful touching by the defendant or by any other substance put in motion by the defendant." *Henson v. State*, 86 N.E.3d 432, 439–40 (Ind. App. 2017). "Indeed, a person may commit the touching necessary for battery by touching another's apparel. This is because a person's apparel is so intimately connected with the person that it is regarded as part of the person for purposes of the battery statute." *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. App. 2000). Mr. Wilson does not contest that, by grabbing the cane, he exerted force on the cane, which then transferred to the victim as the victim attempted to retain possession of the cane. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Wilson also argues that he is entitled to habeas relief because the record lacks sufficient evidence to support the sanction of restitution. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because this argument does not relate to the fact or duration of Mr. Wilson's sentence, it is not a basis for habeas relief.

If Mr. Wilson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not *proceed in forma*

*pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Malcolm Wilson leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

September 2, 2022                           *s/ Damon R. Leichty*
                                            Judge, United States District Court